LAW OFFICES OF PATRICIA RODRIGUEZ
Patricia Rodriguez, Esq.
Bar No: 270639
739 East Walnut #204
Pasadena, CA 91101
Telephone: (626) 888-5206
Facsimile: (626) 872-2658

Attorneys for Plaintiffs
MONIQUE & GREGG ATWELL

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE ATWELL, an individual; GREGG ATWELL, an individual; <br><br> Plaintiffs, <br> v. <br><br> CMG MORTGAGE, INC. a Business entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., a Business entity, form unknown; UNITED ESCROW COMPANY, a Business entity, form unknown; ALL FUNDS MORTGAGE, a Business entity, form unknown; LAWYERS TITLE, a Business entity, form unknown; BANK OF AMERICA HOME LOAN, a Business entity, form unknown; AURORA LOAN SERVICES, LLC, a Business entity, a form unknown; QUALITY LOAN SERVICE CORP., a Business entity, form unknown; and Does 1-100 inclusive, <br><br> Defendants. | Case No. CV11-02711-DSF-MAN <br> Hon. Dale S. Fischer <br><br> NOTICE OF MOTION AND MOTION TO VACATE DISMISSAL <br><br> [Filed concurrently with Declaration of Patricia Rodriguez, Esq. in Support Thereof; [Proposed] Order] <br><br> Date: June 6, 2011 <br> Time: 1:30 PM <br> Courtroom: 840 <br><br> Complaint Filed: March 15, 2011 |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on June 6, 2011, at 1:30 p.m., in Courtroom 840 of the above-entitled Court, Plaintiffs, Monique Atwell and Gregg Atwell (Hereinafter referred to as "Plaintiffs"), in Case No. 2:11-cv-02711-DSF-MAN will move for an order vacating the May 5, 2011 Order of Dismissal.

This Motion is made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure on the grounds that mistake, inadvertence, and excusable neglect occurred thereby denying Plaintiffs reasonable time with which to oppose Defendants' 12(B)(6) Motion to Dismiss.

The Motion will be based on this Notice of Motion, on the accompanying Declaration of Patricia Rodriguez, Esq. and the Memorandum of Points and Authorities served and filed herewith, on the papers and records on file in both the above-entitled actions, and upon such evidence as may be presented at the hearing for the Motion.

Dated: May 6, 2011

LAW OFFICES OF PATRICIA RODRIGUEZ

By: _____

Patricia Rodriguez, Esq.

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE DISMISSAL

## I. INTRODUCTION

On March 15, 2011, Plaintiffs filed an action against all named Defendants for conducting an unlawful and improper foreclosure process on their home located at 4018 Redwood Ave #C, Los Angeles, CA 90066 (Hereinafter "Home"). That action was filed in the Superior Court of the County of Los Angeles, and was assigned a case number of BC457277. On March 31, 2011, Defendants Aurora Loan Services and MERS Inc. removed that case to the federal court, and received a case number of 2:11-CV-02711-DSF-MAN. That is the instant matter. Soon thereafter, on April 12, 2011, Defendants Aurora Loan Services and MERS Inc. filed a Motion to Dismiss Plaintiff's Complaint. The Motion hearing date was set for May 16, 2011 at 1:30 PM before the Honorable Judge Dale S. Fischer. Defendant BAC Home Loan Servicing joined in that Motion on April 19, 2011

At the same time, on April 1, 2011, Defendant CMG Mortgage Inc., a party to the original complaint numbered BC457277 filed in the Superior Court, also removed the case to federal court. However, when CMG Mortgage Inc. removed the case, an entirely new case assignment was received, that being case number CV11-2782-SJO. The judge recused himself, and the case was assigned to the Honorable Percy Anderson under the new number of CV11-02782-PA-MAN. Subsequently, on April 13, 2011, Defendants CMG Mortgage Inc. filed their Motion to Dismiss Plaintiff's Complaint, set for hearing on May 16, 2011 before Judge Percy Anderson.

Thereafter, on or about the end of April, Plaintiffs chose to substitute their former counsel, Richard A. Miller, Esq. of Richard A. Miller Law Offices for that of attorney Patricia Rodriguez, Esq. of The Law Offices of Patricia Rodriguez.

Plaintiffs filed their Substitutions of Attorney for Patricia Rodriguez on April 26, 2011. *See Exhibit "A" to Declaration of Patricia Rodriguez.*

## II. PLAINTIFFS' DESIRE TO AMEND THE COMPLAINT FOR JUDICIAL EFFICIENCY

Plaintiffs' Opposition to the Motion to Dismiss filed by Defendants Aurora Loan Services, LLC and Mortgage Electronic Registration Systems, Inc. was due on April 25, 2011, one day prior to Plaintiffs retention of Patricia Rodriguez, Esq. Not having been formally retained until after the filing deadline, Plaintiffs' counsel was unable act on plaintiffs' behalf by responding to the motion and on May 5, 2011, pursuant to Local Rule 7-12; the Court granted Defendants' Motion to Dismiss. *See Exhibit "B" to Declaration of Patricia Rodriguez.*

Rule 60(b) of the Federal Rules of Civil Procedure permits that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for…mistake, inadvertence, surprise, or excusable neglect" as well as "any other reason that justifies relief." As aforementioned, Plaintiffs and their counsel were in a transitional state which proved disadvantageous to claimants by disallowing their counsel due time to properly respond to Defendants' motion.

As will be discussed below, the reason for not filing Opposition papers was because Plaintiffs' newly retained counsel, the Law Offices of Patricia Rodriguez, were in the process of preparing their First Amended Complaint. Plaintiffs did not want to burden the court with papers Opposing the Motion to Dismiss, only to shortly thereafter file an Amended Complaint, which would have taken the Motion to Dismiss action off calendar. Thereafter, opposing counsel would likely have Motioned to Dismiss that First Amended Complaint as well, in which case Plaintiffs would have again filed Opposition papers. Plaintiffs' non-action in this case was more related to making sure that the proper counsel was substituted in

before contacting opposing counsel rather than a reckless disregard for the timing rules regarding motions.

      Furthermore, pursuant to the Standing Order of this Court, Paragraph 8, Section A: "See Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment)." (SO, 9) On May 5, 2011, counsel for Plaintiffs and Defendants, Patricia Rodriguez and Charles Bell, of McCarthy and Holthus LLP met and conferred pursuant Local Rule 7-3 regarding the operative Complaint and our planned amendment. Counsel did not object to Plaintiffs intent to file a First Amended Complaint in advance of the May 16, 2011, Motion to Dismiss hearings thereby rendering those hearings moot. The Standing Order further recognizes that "Moreover, a party has the right to amend the complaint once before being served with a responsive pleading. Fed. R. Civ. P. 15(a)." and that "A Rule 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to amend. See St. Michael's Convalescent Hospital v. California, 643 F.2d 1369, 1374 (9th Cir. 1981); Nolen v. Fitzharris, 450 F.2d 958, 958-59 (9th Cir. 1971)." (SO, 9) Finally, the Standing Order notes that "The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." (SO, 9)

      Since Plaintiffs have a right to amend the complaint once before being served with a responsive pleading, and Defendants' Rule 12(b)(6) Motion to Dismiss is not a responsive pleading, Plaintiffs should be given an opportunity to amend the original complaint. This is particularly true considering that Plaintiffs have only recently retained the Law Offices of Patricia Rodriguez as counsel in this matter.

Plaintiffs therefore ask this Court to be given that opportunity to amend the original complaint, and will have that First Amended Complaint prepared for filing concurrently with this Motion to Vacate the Dismissal.

## V. CONCLUSION.

For the reasons set forth above, Plaintiffs respectfully request that this court grant its [Proposed] Order to Vacate the Court's May 5, 2011 Order of Dismissal.

Dated: May 6, 2011

LAW OFFICES OF PATRICIA RODRIGUEZ

By: _____

Patricia Rodriguez, Esq.

LAW OFFICES OF PATRICIA RODRIGUEZ
Patricia Rodriguez, Esq.
Bar No: 270639
739 East Walnut #204
Pasadena, CA 91101
Telephone: (626) 888-5206
Facsimile: (626) 872-2658

Attorneys for Plaintiffs
MONIQUE & GREGG ATWELL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE ATWELL, an individual; GREGG ATWELL, an individual;<br><br>Plaintiffs,<br>v.<br><br>CMG MORTGAGE, INC. a Business entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., a Business entity, form unknown; UNITED ESCROW COMPANY, a Business entity, form unknown; ALL FUNDS MORTGAGE, a Business entity, form unknown; LAWYERS TITLE, a Business entity, form unknown; BANK OF AMERICA HOME LOAN, a Business entity, form unknown; AURORA LOAN SERVICES, LLC, a Business entity, a form unknown; QUALITY LOAN SERVICE CORP., a Business entity, form unknown; and Does 1-100 inclusive,<br><br>Defendants. | Case No. CV11-02711-DSF-MAN<br>Hon. Dale S. Fischer<br><br>DECLARATION OF PATRICIA RODRIGUEZ, ESQ. IN SUPPORT OF MOTION TO VACATE DISMISSAL<br><br>[Filed concurrently with Notice of Motion and Motion to Vacate Dismissal; [Proposed] Order]<br><br>Date: June 6, 2011<br>Time: 1:30 PM<br>Courtroom: 840<br><br>Complaint Filed: March 15, 2011 |

1

1. I, Patricia Rodriguez, Esq., am an attorney licensed in the State of California and in the Federal Court for the Central District of California. I am the lead attorney on this matter and could fully testify to the facts and proceedings of this case if called upon.

2. Towards the end of April, 2011, Plaintiffs Gregg and Monique Atwell (hereinafter "Plaintiffs") contacted my office in the hopes of retaining my firm to assist them with this case.

3. After some discussion, Plaintiff decided to substitute their former counsel, Richard A. Miller, Esq. of Richard A. Miller Law Offices for my firm.

4. My office received Plaintiffs' signed Substitutions of Attorney on or around April 25, 2011. We promptly filed the substitutions on April 25, 2011. *Attached hereto as Exhibit A are true and correct copies of the conformed Substitutions of Attorney filed with the Court on April 25, 2011.*

5. Plaintiffs' Opposition to the Motion to Dismiss filed by Defendants Aurora Loan Services, LLC and Mortgage Electronic Registration Systems, Inc. was due on April 25, 2011, the exact same day my office filed the Substitutions of Attorney.

6. On May 3, 2011, my office attempted to file a Motion to Consolidate the two Federal cases that correspond to this action and were advised that the Motion was rejected for failure to Meet and Confer pursuant to Local Rule 7-3.

7. The Court gave my office until May 10, 2011 to re-file the Motion to Consolidate in accordance with that Local Rule.

8. Accordingly, on May 5, 2011, my office met and conferred with Counsel for Defendants, Aurora Loan Services, Inc, and Mortgage Electronic Registration Systems, Inc. at which time I advised that my office intended upon filing a First Amended Complaint in advance of the May 16, 2011 Motion to Dismiss hearings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE ATWELL, an individual; GREGG ATWELL, an individual;<br><br>Plaintiffs,<br>v.<br><br>CMG MORTGAGE, INC. a Business entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., a Business entity, form unknown; UNITED ESCROW COMPANY, a Business entity, form unknown; ALL FUNDS MORTGAGE, a Business entity, form unknown; LAWYERS TITLE, a Business entity, form unknown; BANK OF AMERICA HOME LOAN, a Business entity, form unknown; AURORA LOAN SERVICES, LLC, a Business entity, a form unknown; QUALITY LOAN SERVICE CORP., a Business entity, form unknown; and Does 1-100 inclusive,<br><br>Defendants. | Case No. CV11-02711-DSF-MAN<br>Hon. Dale S. Fischer<br><br>[PROPOSED] ORDER<br><br>[Filed concurrently with Notice of Motion and Motion to Vacate Dismissal; Declaration of Patricia Rodriguez, ESQ. in Support Thereof]<br><br>Complaint Filed: March 15, 2011 |

# [PROPOSED] ORDER

The Court, having considered arguments on Plaintiffs' Motion to Vacate the May 5, 2011 Order of Dismissal by the Court, orders as follows:

IT IS HEREBY ORDERED that Plaintiffs' Motion is GRANTED. The Court's May 5, 2011 Order dismissing the matter is hereby vacated.

IT IS SO ORDERED.

Dated: May____, 2011

_____
Hon. Dale S. Fischer
Judge of the United States District Court
Central District of California

# Exhibit A

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

[Faded substitution of attorney form — Plaintiffs Atwell v. GMC Mortgage, Inc., Case No. CV11-02711 DSF. Plaintiff Monique Atwell hereby substitutes Patricia Rodriguez as Retained Counsel, of record in the place and stead of Richard Filler. Dated 4/25/11. Signatures of former attorney, new attorney, and party. Substitution of Attorney is hereby Approved / Denied. United States District Judge.]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Monique Atwell, an individual, and Gregg Atwell, an individual

Plaintiff(s)

Case Number: CV11-02711 DSF

v.

GMS Mortgage, Inc, a Business entity, form unknown, et. al.

Defendant(s)

**SUBSTITUTION OF ATTORNEY**

Gregg Atwell
Name of Party
☒ Plaintiff ☐ Defendant ☐ Other

hereby substitutes Patricia Rodriguez _____ who is

☒ Retained Counsel ☐ Court Appointed Counsel ☐ Pro Per  739 East Walnut
                                                         Street Address
Pasadena, CA 91101              626-899-9236       626-872-3658       as attorney
City, State, Zip Code           Telephone Number   Facsimile Number

of record in the place and stead of Richard Miller

_____
Printed Attorney

Dated: 4-25-11
                                                   _____
                                                   Signature of Party

I have given proper notice pursuant to Local Rule 83-2.9.2 and further consent to the above substitution.

Dated: 4-25-11
                                                   _____
                                                   Signature of Present Attorney

I am duly admitted to practice in this District pursuant to Local Rule 83-2.8.

Dated: 4/25/11
                                                   _____
                                                   Signature of New Attorney

Substitution of Attorney is hereby ☐ Approved. ☐ Denied.

Dated: _____

                                                   _____
                                                   United States District Judge

NOTICE TO COUNSEL: If you are currently enrolled in the Optical Scanning Program and have changed your facsimile number or e-mail address since your enrollment, you must complete an Enrollment/Update Form G-76 to ensure that documents are served at the proper facsimile number or e-mail address. This form, as well as information about the Optical Scanning Program, is available on the Court's website at www.cacd.uscourts.gov.

SUBSTITUTION OF ATTORNEY

G-01 (09/02)

# Exhibit B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 11-2711 DSF (MANx) | Date | 5/5/11 |
| Title | Monique Atwell, et al. v. CMG Mortgage, Inc., et al. | | |

Present: The Honorable DALE S. FISCHER, United States District Judge

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Defendants' Motion to Dismiss (Docket No. 8)

Defendants Aurora Loan Services, LLC and Mortgage Electronic Registration Systems, Inc. filed a motion to dismiss on April 12, 2011. (Docket No. 8.) Defendant BAC Home Loans Servicing, LP joined this motion on April 19, 2011. (Docket No. 10.) Plaintiffs' opposition was due April 25, 2011, but no opposition has yet been filed. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for May 16, 2011 is removed from the Court's calendar.

The Court deems the lack of opposition to be consent to the motion. Local Rule 7-12; see also Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995); Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. 1993). The motion to dismiss is GRANTED.

IT IS SO ORDERED.